UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC RAY ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>DON KENNISON, et al.,<br><br>    Defendants. | Case No. 23-cv-00008-AMO (PR)<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND; SERVING COGNIZABLE CLAIMS; STAYING ACTION; AND REFERRING FOR SETTLEMENT PROCEEDINGS** |

## I. BACKGROUND

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 alleging use of excessive force by three PSBP prison officials. Dkt. 1. Plaintiff specifically alleges that on July 8, 2022, correctional officers Eric Love and John Does 1 and 2 used excessive force against him. *Id.* at 2, 6. Plaintiff also alleges that Sergeants D. Kennison and J. Tijerina as well as Lieutenant L. Blackman violated his due process rights in their filing and handling of plaintiff's disciplinary documentation. *Id.* at 6.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A. Venue is proper because the events giving rise to plaintiff's claims in his complaint are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Eighth Amendment Claim

According to the complaint, on the morning of July 8, 2022, defendant Kennison requested that plaintiff remove his coat before going through the medical detector. Dkt. 1 at 4. Plaintiff asked why and defendant Kennison approached him in a hostile manner from about twelve feet away. *Id*. Defendant Kennison got face to face with plaintiff and said, "Because I said so that's why." *Id*. According to plaintiff, this was witnessed by numerous inmates and staff as well as several security cameras. *Id*. Defendant Kennison "challenged [plaintiff] to combat by brushing his arm and chest against [plaintiff's] left shoulder." *Id*. Plaintiff did not physically react, but said, "Like what, I'm supposed to be scared or something?" *Id*. Several seconds went by and then plaintiff was attacked from behind by defendant Love and John Does 1 and 2. *Id*. Plaintiff was grabbed and thrown against a wall outside of the dining hall, and his jacket was ripped off. *Id*. He was then put in handcuffs behind his back and was "roughly pushed, snatched, and thrown against the wall for no reason." *Id*. Plaintiff told the officers that he was in extreme pain and that he had a dislocated shoulder and could not be handcuffed. *Id*. The officers continued to assault him and at

one point, defendant Love snatched and pulled on plaintiff's right arm in an attempt to break his arm and cause further damage. *Id*. Defendant Love continued to assault plaintiff, "smashing his bare hand all over [plaintiff's] face six to seven times." *Id*. Defendant Love stopped when an alarm went off and "the yard was put down" due to a fight by other inmates on the other side of the yard. *Id*. All staff fled the scene yelling "get down" and defendant Love was the only one still holding plaintiff against the wall. *Id.* Plaintiff remained pressed against the wall with a dislocated shoulder and in handcuffs for ten to fifteen minutes. *Id*. While being escorted to the holding cell, defendant Love kept pushing and shoving plaintiff around while he was in handcuffs. *Id.* Defendant Love also assaulted plaintiff again by smearing a "possibly contaminated hand" against the left side of plaintiff's face. *Id.*

As a result of this "horrendous unprovoked racial attack [against plaintiff] in handcuffs with a dislocated shoulder," plaintiff has suffered irreparable harm and "post [t]raumatic stress disorder" as he can no longer trust staff while in handcuffs. *Id*. Physician Andrew Turner and Orthopedic Surgeon Robert Purchase "will confirm that on the date of the attack … that [his] right shoulder was dislocated." *See id.*; Dkt. 1, Ex. C.

It is well established that whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Liberally construed, plaintiff's allegations appear to state a cognizable claim under § 1983 for use of excessive force in violation of the Eighth Amendment against defendant Love.

In addition, plaintiff mentions John Does 1 and 2, who the Court assumes to be two unnamed prison officials who allegedly engaged in the alleged acts of excessive force. Dkt. 1 at 4. Thus, it seems he wishes to name them as doe defendants, whose names he apparently intends to learn through discovery.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants

cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespi*e, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Plaintiff must provide to the Court the names of these two unnamed prison officials by the due date scheduled in this Order for him to file his amended complaint. Failure to do so will result in dismissal of these doe defendants *without prejudice to plaintiff filing new actions against them once their names are known.*

### 2. Due Process

After the incident, plaintiff was placed in administrative segregation ("Ad Seg") for a "totally fabricated battery on staff charge." *Id.* at 5. He also filed an inmate appeal log, log #277925, on July 9, 2022 for excessive force by defendant Love. *Id.* The appeal reply, dated July 16, 2022, states: "This decision exhausts all administrative remedies available to [plaintiff] for this claim." *Id.*; Dkt. 1, Ex. B. On or about August 2, 2022, plaintiff went to his hearing and requested the camera footage of the incident and the hearing officer claimed it was "not available," which plaintiff believes is "total fabrication" and a "with-holding of key evidence." *Id.* Plaintiff claims this was done to prevent his exoneration of the false charges, and plaintiff postponed the hearing "pending the referral to the Del Norte County District Attorney's Office." *Id.*; Dkt. 1, Ex. A.

Plaintiff alleges that defendant J. Tijerina prepared a false incident report, CDC 115 Rules Violation Report ("RVR") Log #7201385 on July 8, 2022. *Id.* at 6. Plaintiff claims that defendant Tijerina was not present at the incident and falsely identified herself as the "reporting employee." *Id.* The alleged victim of the battery, defendant Kennison, did not submit an RVR report. *Id.* According to plaintiff, defendant Blackman was prejudiced towards plaintiff when reviewing the questions plaintiff had prepared for his witnesses, calling them "irrelevant" despite each question being "directly significant to the incident and the charge of battery on a peace officer." *Id.* According to plaintiff, this act of staff misconduct was a "blatant due process

4

violation." *See id.*; Dkt. 1, Ex. A.

On October 3, 2022, Sergeant Patrick Cornwall (a non-party) from the internal affairs office conducted a T.V. monitor interview with regards to the excessive force charges that occurred on July 8, 2022. According to plaintiff, the above actions amount to a violation of his Fourteenth Amendment due process rights by defendants Kennison, Tijerina, and Blackman. *Id.* at 6.

The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

Here, the Court finds that the actions as alleged by plaintiff, including the denial of witnesses, the filing of false reports, or the failure to file mandatory reports states a cognizable due process claim against defendants Tijerina, Blackman, and Kennison. Plaintiff has also adequately alleged that being placed in Ad Seg was a harm that resulted from the alleged denials.

### 3. Racial Discrimination

Plaintiff alleges a claim of racial discrimination in violation of his First Amendment rights against all defendants, and that the incident is a "hate crime." Dkt. 1 at 4. The Court construes this as a Fourteenth Amendment claim of racial discrimination.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The equal protection component of the Due Process Clause of the Fifth Amendment imposes a similar obligation on the federal government. *High Tech Gays v. Defense Indus. Security Clearance Office*, 895 F.2d 563, 570-71 (9th Cir. 1990). To state an equal protection claim when challenging treatment as compared with other prisoners, a prisoner must allege that his or her treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72

(8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). Unless a prison policy explicitly treats inmates differently based on race, a claim of racial discrimination under the Equal Protection Clause requires demonstration of discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001).

Here, plaintiff has alleged no facts showing that he is treated dissimilarly from other inmates on account of his race or any other protected category. Plaintiff is required to show intent on the part of any of the officers to discriminate based on race. *See More*, 984 F.2d at 271-72. A conclusory claim for race discrimination is not cognizable against any of the defendants named in the complaint. Thus, this claim is DISMISSED with leave to amend to correct these deficiencies.

**C.     Pro Se Prisoner Mediation Program**

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings. Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

**III.    CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The following defendant(s) shall be served:

    a. D. Kennison, correctional officer at PBSP;

    b. E. Love, correctional officer at PBSP;

    c. J. Tijerina, correctional sergeant at PBSP; and

6

          d.      L. Blackman, correctional lieutenant at PBSP.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk shall serve by mail a copy of this order on plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.      The Court DISMISSES with leave to amend plaintiff's racial discrimination claim against all named defendants. Plaintiff has also been instructed to provide to the Court the names of John Does 1 and 2, the two unnamed prison officials who allegedly participated in the alleged acts of excessive force. If plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this Order. The amended complaint must include the caption and civil case number used in this Order, Case No. 23-cv-00008-AMO (PR) and the words "AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to

proceed. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint the names of the two unnamed prison officials and ***all*** the claims he wishes to present, including any amended claims (i.e., his racial discrimination claims) as well as the Eighth Amendment claim against defendant Love and his due process claim against defendant Kennison, Blackman, and Tijerina, both of which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this Order in the time provided will result in the following: (1) the dismissal of the John Does 1 and 2 without prejudice to plaintiff filing new actions against them once their names are known; (2) the dismissal of his racial discrimination claims against the six named defendants; (3) the initial complaint (Dkt. 1) remaining the operative complaint; and (4) this action proceeding in accordance with this Order.

3.  This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5.  All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

7.  In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named defendants against whom plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED.

The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a scheduling order for further proceedings.

**IT IS SO ORDERED.**

Dated: August 14, 2023

A<span style="font-variant:small-caps">RACELI</span> M<span style="font-variant:small-caps">ARTÍNEZ</span>-O<span style="font-variant:small-caps">LGUÍN</span>
United States District Judge

cc: Magistrate Judge Robert M. Illman